UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ROLAND PRICE,

        Plaintiff,

  v.                                                  Case No. 09-C-220

GREGORY HERMAN, et al.

        Defendants.

**ORDER**

Plaintiff Roland Price, who proceeds pro se in this action under 42 U.S.C. § 1983, has written the Clerk of Court inquiring about the status of exhibits he filed along with his complaint. (Doc. # 49.) He subsequently filed another document with the Court requesting that the Court provide him his exhibits and grant him a "stay of response," which I construe as a request that he be given more time to respond to the defendants' pending motion to dismiss. (Doc. # 50.)

Price filed an eight page complaint to commence this case and also submitted five volumes totaling 304 pages. These documents were all received by the Court on March 2, 2009, and the exhibits marked as "Section A, Section B, Section C, Section D, and Section E" were docketed as Exhibits A-E. (Doc. # 4.) The original complaint and Exhibits A-E were filed in the Milwaukee Division of the Court, prior to the case's assignment to the Green Bay Division. The file contains one copy of these documents and there is no indication that more than one copy was submitted at the time of filing. The Certificate of Service Price submitted with these documents on March 2, 2009 states that "this is originale [sic] copy and only copy please comply therein send copy back to Plaintiff . . . ." (Doc. # 3.)

In his first letter, Price appears to labor under the belief that in addition to filing his complaint and exhibits, or "books" as he calls them, four additional copies of all of these documents were filed, bringing the volume of pages filed with the Court to well over a thousand pages. (Doc. # 49 at 2.) In his second submission, Price indicates that he filed these additional copies prior to March 2, 2009, the date on which his complaint was filed, but this is not reflected in the Court's records. At an earlier point in this case Price requested that the Clerk of Court send him a copy of his complaint, to which he was informed he would have to pay a copying fee of $.25 per page for the eight page document. As a result of this response, Price seems concerned that the Court has destroyed his voluminous exhibits which he submitted with his complaint, as he apparently considers them part of his original complaint.

Price need not fear that his original complaint or the exhibits he submitted with the complaint have been destroyed, as they are part of the Court's file. I will direct the Clerk to send Price a copy of his complaint and waive the $2.00 copying fee. Price's request that the Court "produce complaint 5 Book documentation" will be denied. While he cites General L.R. 79.2 in support of his claim that the Court must return his documents to him, this rule only applies after judgment has been entered and the time for appeal has elapsed, or if there is an appeal, after the reviewing court has filed its mandate. The local rule that is applicable to Price's request to have documents from his file returned to him is General L.R. 79.3, which provides:

> No pleading, brief, deposition, exhibit or other material belonging in the file of a case may be withdrawn by any person without an order of the Court, except as provided in General L.R. 79.2. Prior to final disposition of the case, the order must be entered by a judge or magistrate judge. After final disposition, the order may be entered by the Clerk of Court, but only if the withdrawal is by a member of the bar of this Court. In either event, such order must specify the time for return of such materials.

2

Thus, absent an order of the Court the documents Price wishes to have removed from the file in this matter must remain a part of the record. I conclude that such an order is unwarranted here, as Price may obtain copies of any document he has filed with the Court. If Price wishes to obtain copies of Exhibits A-E, he must submit $76.00 to cover the expense of copying the 304 pages (at $.25 per page).

Finally, I must address Price's request that he be given a "stay of response" regarding the defendants' motion to dismiss, apparently because he does not have a copy of his complaint and exhibits. As I am directing the Clerk to send Price a copy of his complaint, this should allow him to respond to the defendant's attack on the sufficiency of the pleadings. Defendants filed a motion to dismiss on July 13, 2009. Under Civil L.R. 7.1(b), Price's response to the defendants' motion must be made on or before August 3, 2009. Price may request that he be given an extension of time in which to respond, should he believe an extension is warranted.

**THEREFORE, IT IS ORDERED** that the Clerk of Court mail Price a copy of his complaint (Doc. # 1.) and waive the associated copying fee.

**IT IS FURTHER ORDERED** that Price's motion that the Court send him his exhibits (at Doc. # 4) is **DENIED**.

**IT IS ALSO ORDERED** that Price's motion that his response to the defendants' motion to dismiss be stayed is **DENIED**.

Dated this    24th    day of July, 2009.

                                               s/ William C. Griesbach
                                               William C. Griesbach
                                               United States District Judge