UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ROLAND PRICE,

        Plaintiff,

v.                                                    Case No. 09-C-220

GREGORY HERMAN, et al.

        Defendants.

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

Plaintiff Roland Price proceeds pro se in this action under 42 U.S.C. § 1983, in which he alleges that his Fourth Amendment rights were violated when officers searched his home without a warrant. This matter is before me on the defendants' motion to dismiss for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Price responded with a 36 page brief, much of which is incomprehensible and appears to be excerpts of other judicial decisions or legal briefs. For the reasons stated below, the motion will be granted.

Defendants seek dismissal on the basis that Price's complaint fails to identify any person or mention any person by name. They contend that Price's failure to assert a specific act of wrongdoing by any specific defendant does not suffice to meet the personal involvement requirement necessary for a finding of liability under § 1983.

The Seventh Circuit has held that a complaint under § 1983 must set out the specific act or conduct on the part of the defendant, or the complaint must be dismissed. *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Conspicuous by its absence from the complaint is any allegation of

any act on the part of defendant toward the plaintiff. The only place where defendant was named was in the caption of the complaint. Moreover, no other person was named in the complaint. Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints.") (citation omitted).

The complaint itself provides no detail as to what each defendant named is alleged to have done to bring about the deprivation of Price's rights. In the section provided on the complaint form for listing the defendants, Price wrote "Brown Deer and Milwaukee County Police Departments See Complaints for defendant(s)." (Compl. at 1.) On the second page of the complaint he wrote "'See Complaint' Attachment clover [sic] page Hereinafter for defendant(s)." (Compl. at 2.) The names of the nine named defendants that appear on the docket in this matter, along with the four John Doe defendants, are those names Price listed on the covers of some documents Price filed along with the complaint on March 2, 2009, (Doc. # 4.), as well the names Price listed on a certificate of service. (Doc. # 3.) The other documents which Price filed along with his complaint are five volumes that in total are just over three hundred pages in length.

I take Price to argue in response to the motion to dismiss that the allegations of specific acts of wrongdoing on the part of the defendants are contained somewhere in the additional volumes he submitted along with the complaint. This will not do, as the volumes Price submitted are not his complaint. Because Price fails to allege in his complaint what each defendant did to bring about the violation of his constitutional rights, he fails to state a claim.

Further, even if the volumes were construed as part of his complaint, this matter would be subject to dismissal for violating Rule 8(a)(2) of the Federal Rules of Civil Procedure, which

2

requires that a complaint contain a "short and plain statement of the claim." There is nothing short or plain about the voluminous documents–which again run over three hundred pages–that Price submitted along with his complaint. Thus, even if the Court were to consider all of Price's volumes as part of his complaint, this matter would be subject to dismissal on that basis alone.

Accordingly, the defendants' motion to dismiss is **GRANTED**. Price's claims are **DISMISSED**.

**SO ORDERED** this   20th   day of October, 2009.

                                          s/ William C. Griesbach
                                          William C. Griesbach
                                          United States District Judge